```
                                                    FILED

                                                06 SEP -5  AM 11:31

                                                CLERK, U.S. DISTRICT COURT
                                                SOUTHERN DISTRICT OF CALIFORNIA

                                                BY: _____TC_____ DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ARMANDO PALACIOS-ANGOLA(12),<br><br>　　　　　　Defendant. | Case No. 05cr1629-L<br><br>ORDER OF CRIMINAL FORFEITURE |

　　　　WHEREAS, in the Superseding Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, ARMANDO PALACIOS-ANGOLA(12) ("Defendant"), pursuant to Title 21, United States Code, Section 853(a)(1), and Title 18, United States Code, Section 982 as property obtained directly or indirectly as the result of the commission of the violations charged in the Superseding Indictment; and

　　　　WHEREAS, on August 29, 2006, Defendant pled guilty to Counts 1 and 3 of the Superseding Indictment, which plea included an agreement to submit to the Court the question of forfeiture; and

　　　　WHEREAS, by virtue of the admissions of the Defendant set out in the his plea agreement and guilty plea, the Court determined that **$12,000** (U.S. dollars), in whole or in part, represents the drug proceeds received by Defendant while engaging in conspiracies to import anabolic steroids and to launder money as charged in the Superseding Indictment; and

TDC:mia

| | |
|---|---|
| 1 | WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to a personal money judgment against the Defendant in the amount of **$12,000**, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and |

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;" and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited property and the offense; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant shall forfeit to the United States the sum of **$12,000** pursuant to Title 21, United States Code, Section 853(a)(1) and Title 18, United States Code, Section 982; and

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(3), this Order of Forfeiture was made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

IT IS FURTHER ORDERED that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed **$12,000** to satisfy the money judgment in whole or in part; and

///

///

///

IT IS FURTHER ORDERED that the Clerk of the Court shall forward four certified copies of this Order to the United States Attorney's Office, Attention: Assistant U.S. Attorney Timothy D. Coughlin.

DATED: 9/5/06

M. JAMES LORENZ, Judge
United States District Court

Submitted by:

CAROL C. LAM
United States Attorney

TIMOTHY D. COUGHLIN
Assistant U.S. Attorney

Order Criminal Forfeiture
U.S. v. ARMANDO PALACIOS-ANGOLA(12)
Case No.05cr1629-L